UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAQUEL C. WELSH                                    CIVIL ACTION

VERSUS                                             NO. 10-2923

STATE OF LOUISIANA                                 SECTION: "C" (5)

ORDER AND REASONS

Before this Court is Defendant's Motion for Summary Judgment.  (Rec. Doc. 8).  Plaintiff

opposes the motion.  (Rec. Doc. 12).  Having considered the memoranda of counsel, the record, and

the applicable law, the Motion for Summary Judgment is DENIED for the following reasons.

I.  BACKGROUND

Plaintiff, Raquel Welsh, was a full-time teacher for the Recovery School District during the

2008-2009 academic term.  (Rec. Doc. 1-5 at 2).  During that school term Plaintiff discovered that

she was pregnant and due to deliver in June 2009.  *Id.*  On May 1, 2009 Plaintiff allegedly slipped

and fell while ascending the stairs at Frederick A. Douglas Senior High School, where she worked.

*Id.*  As a result of this fall, Plaintiff began taking sick leave, which lasted until the end of the school

year. *Id.* at 3.  On July 27, 2011 Plaintiff applied for leave under the Family and Medical Leave Act

("FMLA") because of the birth her newborn child.  *Id.* at 4.  That request was denied because her

employer calculated her as only having worked 1,125.5 hours during the 12 months prior to her

requested leave, which was less than the 1,250 hours required by FMLA.  (Rec. Doc. 8-2 at 5).

Plaintiff filed the current law suit in state court, arguing that her time sheets indicate that she

was on campus for 1,297.5 hours, thus making her eligible for FMLA leave.  (Rec. Doc. 1-5 at 2).

Plaintiff also claims that under Louisiana Civil Code Article 2315 Defendant are liable to her for

negligently or intentionally causing her emotional distress.  *Id.*  Defendant removed that case to this

Court and filed the present motion for summary judgement.  (Rec. Docs. 1 & 8).

Defendant argues that when Plaintiff's time sheets are adjusted to reflect that lunch periods are not considered "hours of service" for purposes of FMLA, then Plaintiff only had 1,125.5 hours of service, making her ineligible.  (Rec. Doc. 8-2 at 5).  Plaintiff responds by arguing that as a full-time teacher she is entitled to a presumption of eligibility under FMLA because she worked numerous hours outside of formal school time.  (Rec. Doc. 12-5 at 4).

## II. LAW AND ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."  *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

### B.  *Family and Medical Leave Act*

The Family and Medical Leave Act ("FMLA") provides "eligible employees" with up to twelve weeks of unpaid leave in order to care for newborn children.  29 U.S.C. § 2612(a)(1)(A).  An "eligible employee" is an employee who has been employed for at least twelve months by the employer and has completed at least 1,250 "hours of service" with that employer during the previous twelve month period.  29 U.S.C. § 2611(2)(A).  FMLA calculates "hours of service" in the same manner as the Fair Labor Standards Act (FLSA).  29 U.S.C. § 2611(2)(C).  The regulations that implement FLSA state  that "periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked."  29 C.F.R. § 785.16(a).  Furthermore, "[b]ona fide meal periods are not worktime." 29 C.F.R. § 785.19(a).  Finally, employers who do not keep accurate records of an employee's hours have the "burden of showing that the employee has not worked the requisite hours."  29 C.F.R. § 825.110(c)(3).  Full-time teachers are mentioned as an example of employees that might be entitled to this presumption of eligibility in the event that their employers kept inaccurate records of the hours they worked.  *Id.*

In this case both parties have produced Plaintiff's time sheets for the relevant period.  (Rec. Docs. 1-6 and 8-5).  Plaintiff does not dispute that when those time sheets are adjusted to remove lunch breaks they indicate that Plaintiff worked only 1,122.5 hours during the relevant period.

3

Therefore, according to these time sheets Plaintiff was ineligible for FMLA leave.  However, Plaintiff argues that as a full-time teacher she is entitled to a presumption of FMLA eligibility and that her employer failed to calculate the hours she worked over lunch and outside the classroom. (Rec. Doc. 12-5 at 4).

The Court agrees with Plaintiff that teachers work considerable hours outside of the classroom, performing various duties such as developing lesson plans and grading assignments. Moreover, these out of classroom hours might be considered "hours of service" under the applicable statutes and regulations.  For instance, as the relevant regulations make clear, lunch breaks are "worktime" if the employee is required to work during those breaks.  C.F.R. § 785.19(a).  Similarly, if an employee is not allowed to leave the job or required to return before a definitively specified time, then that employee is not relieved from duty and therefore after hours work would be considered "worktime."  C.F.R. § 785.16(a).

Here Plaintiff asserts that her workload required her to work numerous hours during lunch and after school.  As a result there is a genuine issue of material fact regarding how many hours Plaintiff was required to work during her lunch and after school hours and therefore a genuine issue as to whether she was an eligible employee under FMLA .

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's motion is DENIED.   (Rec. Doc. 8).

New Orleans, Louisiana, this 22nd day of June, 2011.

HELEN G. BERRIGAN
UNITED STATED DISTRICT JUDGE

4